IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A., | ) | C/A No.: 0:08-2274-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAREFREE DEBT, INC. A/K/A | ) | **PERMANENT INJUNCTION** |
| CDI, FEDERAL DEBT RELIEF | ) | |
| SYSTEMS, CREDIT | ) | |
| COLLECTIONS DEFENSE | ) | |
| NETWORK, ELIZABETH | ) | |
| SALAZAR, and SUZAN AZEREDO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Capital One Bank (USA), N.A. ("Capital One") commenced this action on June 19, 2008 (Dkt. No. 1). Defendant Credit Collections Defense Network ("CCDN") waived service of the summons and complaint (Dkt. No. 21). All remaining defendants were properly served with the summons and complaint. On January 4, 2010, the clerk entered default as to defendant Federal Debt Relief Systems (Dkt. No. 83). On March 9, 2010, the clerk entered default as to CCDN (Dkt. No. 99). This matter came before the court on May 12, 2010, upon an Order and Rule to Show Cause against CCDN (Dkt. No. 108). CCDN failed to appeared at the hearing. Based upon CCDN's failure to appear, and the other corporate defendants' failure to responsively plead or otherwise respond, the court directed the clerk to enter default against all corporate defendants. (Dkt. Nos. 108, 109). The court also granted Capital One's request for injunctive relief.[1] This order serves to memorialize and more fully set forth the court's rulings announced at the March 9, 2010 hearing.

---

[1] The court will conduct a damages hearing in June 2010, in order to ascertain Capital One's damages and to enter a final default judgment.

I.      Factual and Procedural Background

Capital One brought this action in an effort to enjoin the defendants' participation in a nationwide fraudulent credit counseling and debt relief service. As alleged in Capital One's complaint and established by the defendants' default, the defendants use television and internet advertisements to encourage individuals with debt problems to contact the defendants and explore opportunities allegedly provided by the defendants' program. To participate in the program, individual debtors are required to sign a document entitled a "Debt Termination Education Agreement" where the individual agrees to make payments to the defendants and the defendants purport to educate the individual on the United States banking system and to assist the individuals with written communications to creditors, collections agencies, and attorneys in order to terminate the individual's unsecured debt obligations.

The corporate defendants share clients and pass client information from one to the other, actually providing little or no useful services to their customers. Customers receive worthless literature regarding the banking system, are encouraged to stop making payments to their creditors, and are provided form pleadings in the event legitimate creditors commence debt-collection processes in court. In addition, the defendants have executed fraudulent documents, purporting to be acknowledgments from creditors, including Capital One, that individual's debts have been discharged. Typically, these documents are prepared on what appears to be the creditor's letterhead and are signed by persons purporting to be authorized agents or officers of the creditor. These documents are then sent to credit reporting agencies in an effort to induce the credit reporting agency to cease its credit reporting concerning the consumer's debt.

II.     Discussion

   1.   Standard

The district court may grant permanent injunctive relief where a plaintiff establishes: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Palmetto Conservation Found. v. Smith, 642 F. Supp. 2d 518, 531 (D.S.C. 2009) (citing eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006)). Furthermore, the Lanham Act allows the owner of a registered trademark whose rights have been knowingly and intentionally violated to obtain injunctive relief to prevent further violations. 15 U.S.C. § 1116.

   2.   Capital One is Entitled to an Injunction

The facts alleged in Capital One's complaint, and established by the corporate defendants' defaults, support the issuance of a permanent injunction. The corporate defendants' fraudulent debt elimination scheme has deprived Capital One of business revenues, and will continue to do so in the future if not enjoined. The nature and full extent of Capital One's future damages cannot be readily ascertained, because it is impossible to predict what ongoing damages Capital One may suffer if the corporate defendants' activities were allowed to continue. Furthermore, the corporate defendants' unlicensed and intentional misappropriation of Capital One's registered trademark for use in the defendants' scheme violates the Lanham Act, and entitles Capital One to a permanent injunction. A balancing of the relative hardships between Capital One and the corporate defendants weighs in

favor of Capital One. The public interest also supports the issuance of an injunction against the defendants.

The defendants Carefree, Federal Debt Relief Systems and CCDN, as well as the officers, agents, employees, attorneys, successors and assigns of each of the corporate defendants are permanently enjoined from engaging in any of the following activities:

a. Publishing written or oral false, fraudulent, materially misleading or unsubstantiated declarations that any Capital One account holder has satisfied or closed his/her Capital One consumer credit account;

b. Publishing any written or oral communications which may lead the recipient of such communication to believe that any one or more of the corporate defendants, or the officers, agents, employees, attorneys, successors or assigns of such defendants are authorized to take any action or make any representation on behalf of Capital One;

c. Publishing any written or oral communications which may lead the recipient of such communication to believe that Capital One, or its authorized agents or assigns, is the publisher of such communications;

d. Publishing any written or oral communications which may lead the recipient of such communication to believe that Capital One authorized the communications to be made on behalf of Capital One;

e. Reproducing, imitating, incorporating, copying, disseminating, distributing or publishing in any form any of Capital One's trademarks, logos, slogans, letterhead or trade dress. This prohibition includes any use of colorable imitations of Capital One's registered trademarks which are likely to cause confusion, or to cause mistake, or deceive;

  f. Contacting, communicating with, and/or representing any customer in regards to a Capital One account; and

  g. Engaging in any conduct which constitutes the unauthorized practice of law.

III. <u>Conclusion</u>

  Because each corporate defendant is in default, the court hereby grants Capital One's request for injunctive relief as set forth in its complaint and memorialized in this order. Within thirty days after the service of this injunction upon the defendants, each corporate defendant, Carefree, Federal Debt Relief Systems, and CCDN, shall file with the court and serve on Capital One's attorney a report in writing, and under oath, setting forth in detail the manner and form in which it has complied with this injunction. Any violations of this injunction may be enforced by proceedings to punish for contempt, or otherwise, in this court, or by any other United States district court in whose jurisdiction the defendants may be found. <u>See</u> 15 U.S.C. § 1116 (1982).

  IT IS SO ORDERED.

                       *Joseph F. Anderson, Jr.*

June 1, 2010              Joseph F. Anderson, Jr.
Columbia, South Carolina        United States District Judge