IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A., | ) | C/A No. 0:08-2274-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAREFREE DEBT, INC. A/K/A | ) | |
| CDI, FEDERAL DEBT RELIEF | ) | **ORDER** |
| SYSTEMS, CREDIT | ) | |
| COLLECTIONS DEFENSE | ) | |
| NETWORK, ELIZABETH | ) | |
| SALAZAR, and SUZAN AZEREDO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court by consent of Plaintiff Capital One Bank (USA), N.A. ("Capital One") and Defendant Suzan Azeredo ("Azeredo").[1] Capital One and Azeredo consent to the entry of a permanent injunction against Azeredo as set forth below. Capital One and Azeredo also consent to dismissal of all remaining claims against Azeredo.

I. <u>Legal Standard</u>

The district court may grant permanent injunctive relief where a plaintiff establishes: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. <u>Palmetto Conservation Found. v. Smith</u>, 642 F. Supp.2d 518, 531 (D.S.C. 2009)(citing <u>eBay, Inc. v. MercExchange, LLC</u>, 547

---

[1] Azeredo is the only defendant not in default. The court has previously issued a permanent injunction as to all defendants in default. (Doc. No. 113.) A damages hearing has been scheduled as to the defendants in default for August 30, 2010. (Doc. No. 120.)

1

U.S. 388, 391 (2006)). Furthermore, the Lanham Act allows the owner of a registered trademark whose rights have been knowingly and intentionally violated to obtain injunctive relief to prevent further violations. 15 U.S.C. § 1116 (1982).

On June 1, 2010 this court issued a permanent injunction against Defendants Carefree Debt, Inc. a/k/a CDI, Federal Debt Relief Systems and Credit Collection Defense Network. (Doc. No. 113). As acknowledged in her Answer to Capital One's complaint, Azeredo was formerly employed by Defendant Care Free Debt, Inc. (Doc. No. 36). Azeredo asserts that she was not aware of any fraudulent scheme being carried out by her employer, and also asserts that she resigned from Care Free Debt after she was instructed to falsely notarize documents for the company. Azeredo acknowledges and agrees that Capital One is entitled to protect its valuable trademark and business relationships, and consents to be permanently enjoined from participating in any activity intended or designed to harm Capital One. A balancing of the relative hardships between Capital One and Azeredo weighs in favor of Capital One. The public interest also supports the issuance of an injunction against Azeredo.

II.  Permanent Injunction

The defendant Suzan Azeredo is permanently enjoined from engaging in any of the following activities:

a. Publishing written or oral false, fraudulent, materially misleading or unsubstantiated declarations that any Capital One account holder has satisfied or closed his/her Capital One consumer credit account;

b. Publishing any written or oral communications which may lead the recipient of such communication to believe that Azeredo is authorized to take any action or make any representation on behalf of Capital One;

c. Publishing any written or oral communications which may lead the recipient of such communication to believe that Capital One, or its authorized agents or assigns, is the publisher of such communications;

d. Publishing any written or oral communications which may lead the recipient of such communication to believe that Capital One authorized the communications to be made on behalf of Capital One;

e. Reproducing, imitating, incorporating, copying, disseminating, distributing or publishing in any form any of Capital One's trademarks, logos, slogans, letterhead or trade dress. This prohibition includes any use of colorable imitations of Capital One's registered trademarks which are likely to cause confusion, or to cause mistake, or deceive;

f. Contacting, communicating with, and/or representing any other person concerning a Capital One account, unless such contact or communication concerns Azeredo's own Capital One account; and

g. Engaging in any conduct which constitutes the unauthorized practice of law.

Any violation of this injunction may be enforced by proceedings to punish for contempt, or otherwise, in this District Court, or by any other United States district court in whose jurisdiction Azeredo may be found. *See* 15 U.S.C. § 1116 (1982).

III. Dismissal of Remaining Claims

Except as set forth in this order, all remaining claims against Azeredo are dismissed with prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 9, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge